**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erika Shelton, | No. CV-25-00108-PHX-KML |
| Petitioner, | **ORDER** |
| v. | |
| Federal Savings Bank, | |
| Defendant. | |

Plaintiff Erika Shelton filed a complaint and an application for leave to proceed without prepaying fees or costs. That application is granted but Shelton will be required to file a statement establishing jurisdiction.

Shelton pursued arbitration against her former employer, defendant Federal Savings Bank. The arbitration involved claims under the Americans with Disabilities Act ("ADA"), the Fair Labor Standards Act ("FLSA"), and the Arizona Healthy Families Act. (Doc. 1 at 10.) The arbitrator found in favor of Federal Savings Bank on all claims. (Doc. 1 at 18-19.) The arbitration award noted that Shelton was only responsible for the "initial JAMS Case Management Fee" and "[a]ll other costs must be borne by [Federal Savings Bank]." (Doc. 1 at 19.) Shelton then initiated this suit by filing a petition or application "to vacate the arbitration award." (Doc. 1 at 1.) According to Shelton's application, the arbitrator engaged in misconduct, exceeded her powers, and disregarded the law. (Doc. 1 at 1.)

The court's first task is to determine whether it has jurisdiction. *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1238 (9th Cir. 2022) ("We must first determine

our jurisdiction."). Shelton's petition does not identify the jurisdictional basis for filing in federal court and cites only Arizona law. Presumably Shelton is attempting to invoke the Federal Arbitration Act ("FAA"), which "authorizes parties to arbitration agreements to file specified actions in federal court," including "applications to confirm, vacate, or modify arbitral awards (under Sections 9 through 11 [of the FAA])." *Badgerow v. Walters*, 596 U.S. 1, 8 (2022). But the FAA "does not create any independent federal-question jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983). This "means an applicant seeking, for example, to vacate an arbitral award . . . must identify a grant of jurisdiction . . . conferring access to a federal forum." *Badgerow*, 596 U.S. at 8.

When presented with an application to vacate an arbitral award, the court must determine its jurisdiction based on "the face of the application itself." *Id.* at 9. If the application "alleges that federal law . . . entitles the applicant to relief," there is "federal-question jurisdiction." *Id.* If the application "shows that the contending parties are citizens of different States (with over $75,000 in dispute)," there is diversity jurisdiction. *Id.* This jurisdictional inquiry does not look to the underlying claims that were arbitrated. For example, federal-question jurisdiction does not exist merely because the underlying arbitration involved Shelton's claims under the ADA and FLSA. Rather, federal-question jurisdiction would exist only if Shelton's application to vacate itself presented some sort of federal claim.

Here, the face of the application does not allege Shelton is entitled to have the arbitral award vacated because of federal law. So, there is no federal-question jurisdiction. As for diversity jurisdiction, the face of the application does not disclose the citizenships of the parties, but it is possible they are diverse. It appears unlikely, however, that the amount-in-controversy requirement is met. The court cannot "look through" to the underlying arbitration to assess jurisdictional facts.[1] *Badgerow*, 596 U.S. at 12. And the

---

[1] Before *Badgerow* the Ninth Circuit concluded the amount in controversy could be measured "by the amount involved in the underlying dispute." *Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 664 (9th Cir. 2005). That approach cannot be reconciled with *Badgerow*'s rejection of the "look-through" approach. *Cf. White v. U.S. Ctr. for SafeSport*,

face of Shelton's application does not satisfy the amount-in-controversy requirement. In fact, it appears the amount in controversy on the face of the application is "zero" because the underlying arbitration award was in favor of Federal Savings Bank.[2]

Concluding the amount-in-controversy requirement is "zero" when the arbitration award is in favor of the defendant is a strange result because it would seem to establish federal courts will never have jurisdiction to confirm arbitral awards such as the one entered against Shelton. *See* Kristen M. Blankley, *A Muddy Mess: The Supreme Court's Jurisprudence on Jurisdiction for Arbitration Matters*, 77 U. Miami L. Rev. 676, 723 (2023) (assessing the amount in controversy when defendant prevails as "zero" "leads to an absurd result that Congress likely did not intend"). But *Badgerow* explicitly recognized that its holding would mean applications to vacate awards from arbitrations of "federal-law dispute[s]" would often go to "state, rather than federal, courts." 596 U.S. at 18.

At least one other district court has concluded the amount in controversy is zero when the defendant defeats all claims at the arbitration. The District of Colorado addressed an application to vacate an arbitration award where "[t]he arbitral panel denied [the plaintiff's] claims in their entirety and awarded no money to any party." *Clark v. Charles Schwab & Co. Inc.*, No. 122CV03015SKCSBP, 2024 WL 1281451, at *4 (D. Colo. Mar. 26, 2024). Based on that, the court concluded "the amount in controversy, looking solely to the petition to vacate the arbitral award, is zero." *Id.* In that court's view, the amount-in-controversy requirement is met only when "the arbitral award exceeded $75,000." *Id.* at *3.

Here, Shelton's underlying arbitration presented federal claims that would have established federal-question jurisdiction if they were pursued in litigation. Alternatively, the amount in controversy might have exceeded $75,000 such that there would have been diversity jurisdiction if Shelton had been able to pursue her claims in federal court. If the

---

No. 22-CV-04468-JD, 2024 WL 4227744, at *3 (N.D. Cal. Sept. 18, 2024) (noting it is "not clear that *Theis* survives *Badgerow* and its rejection of the "look-through" approach to subject matter jurisdiction.").

[2] The arbitrator required Shelton pay the "initial JAMS Case Management Fee," and it is possible that fee should be deemed the amount in controversy. But Shelton has not alleged that fee is more than $75,000. (Doc. 1 at 19.)

court could "look-through" and consider the type of claims or the amount in controversy in the arbitration itself, the court likely would have jurisdiction. But the court cannot conduct that look-through analysis. Therefore, federal jurisdiction appears to be lacking. Shelton will be given an opportunity to establish the presence of federal jurisdiction.[3]

Accordingly,

**IT IS ORDERED** the Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** no later than **January 31, 2025**, plaintiff shall file a statement identifying the basis for federal jurisdiction.

Dated this 22nd day of January, 2025.

**Honorable Krissa M. Lanham**
**United States District Judge**

---

[3] After *Badgerow*, the Third and Seventh Circuits found more than $75,000 in controversy even though the arbitral awards at issue appear to have been for zero dollars. *See France v. Bernstein*, 43 F.4th 367, 377 (3d Cir. 2022) (finding diversity jurisdiction, without explanation, where award was zero); *Kinsella v. Baker Hughes Oilfield Operations, LLC*, 66 F.4th 1099, 1103 (7th Cir. 2023) (same). Neither court explained how it was measuring the amount in controversy. The Second Circuit concluded diversity jurisdiction existed to confirm an arbitration award because the arbitral award was "$4,000,000, which far exceeds the threshold of $75,000." *Rabinowitz v. Kelman*, 75 F.4th 73, 79 (2d Cir. 2023).